UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ALMARAZ,

      Plaintiff,

v.

                        Case No. 24-cv-11497
                        Honorable Linda V. Parker

STATE FARM FIRE AND
CASUALTY COMPANY,

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff John Almaraz filed this lawsuit against State Farm Fire and Casualty Company ("State Farm"), alleging that State Farm breached an insurance contract when it denied coverage for damage to Almaraz's home. (*See* ECF No. 1.) The matter is presently before the Court on Almaraz's motion to file an amended complaint to add an Elliot-Larsen Civil Rights Act ("ELCRA") retaliation claim against State Farm. (ECF No. 11.) The motion is fully briefed. (ECF Nos. 13, 14.) Finding the facts and legal arguments adequately presented in the parties' filings, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons set forth below, the Court is granting the motion.

I.    **Applicable Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a).  The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Id*.  An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and would be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (explaining that a proposed amendment is futile if the amendment could not withstand a motion to dismiss).

II.   **Factual & Procedural Background**

Almaraz owns a home in Northville, Michigan, which, in 2023, was covered by a homeowner's insurance policy issued by State Farm.  (ECF No. 1 at PageID.9-10 ¶¶ 2, 5.)  On or about May 11, 2023, Almaraz used a power washer to clean the exterior of the home, which resulted in damage to the siding and a deck.  (*Id.* at PageID.10 ¶¶ 6-9.)

When Almaraz reported the damage to State Farm, he was told that the damage was a covered loss under the homeowner's policy. (*Id.* ¶¶ 10-11.) During an inspection of the property on May 22, 2023, State Farm's adjuster, Lamarr Herring, also told Almaraz that the damage to the siding and deck would be covered. (*Id.* at PageID.11 ¶¶ 13-14.) Herring subsequently called Almaraz to inform him that State Farm would cover the damage to the siding, only. (*Id.* ¶ 15.) During two subsequent visits to the home, Herring continued to assure Almaraz that State Farm would provide coverage for the siding damage. (ECF No. 1 at PageID.11-12 ¶¶ 17-22.)

However, on June 27, 2023, Almaraz received a letter from State Farm, stating that it was denying coverage completely. (*Id.* at PageID. 12 ¶¶ 23-24.) Almaraz filed this lawsuit in Wayne County Circuit Court approximately a year later, asserting a single breach of contract claim. (*See generally* ECF No. 1.) State Farm then removed the action to federal court based on diversity jurisdiction. (*Id.*)

As indicated, Almaraz now seeks to amend his complaint to add a ELCRA retaliation claim. Almaraz claims that the decision to deny coverage under the homeowner's policy constituted retaliation for a discrimination complaint Almaraz filed with State Farm's human resources department during his previous employment as a State Farm adjuster. (*See generally* ECF No. 11-1.)

3

Almaraz worked as a State Farm adjuster for more than 25 years, until he retired on June 1, 2022. (*Id.* at PageID.137 ¶ 9.) During his employment, Almaraz sought a reasonable accommodation due to the post-traumatic stress disorder he developed as a result of his military service. (*Id.* at PageID.137-38 ¶¶ 7, 11.) Almaraz's accommodation request appears to have been denied in early 2021. (*See* ECF No. 11-1 at PageID.205.) After Almaraz's supervisor, Jennifer Boggs (nee Briggs),[1] denied the request, Almaraz complained to human resources that the decision had been based on his race and constituted race discrimination. (*Id.* at PageID. 138 ¶¶ 13, 16-17.)

Boggs was upset that Almaraz complained to human resources. (*Id.* at PageID.139 ¶ 19.) Almaraz avers "[u]pon information and belief" that Boggs made or influenced the decision to deny his insurance claim, and that the decision was in retaliation for his report of race discrimination, which is a protected activity under ELCRA. (*Id.* at PageID.142-43 ¶¶ 42-44.)

### III. Applicable Law and Analysis

State Farm argues only futility in response to Almaraz's motion to file his Amended Complaint adding an ELCRA retaliation claim. (*See* ECF No. 13 at PageID.229.) State Farm maintains that Almaraz cannot establish the elements to

---

[1] Almaraz does not identify the supervisor by name in his proposed Amended Complaint; however, she is identified in the parties' briefs.

support this proposed claim, and that he cannot seek to recover tort damages for a breach of contract claim.

### A.   Elements of an ELCRA Retaliation Claim

To plausibly plead a retaliation claim under ELCRA, Almaraz must allege facts showing that State Farm "took an adverse action against [him]" and that "there is a causal link between the adverse action and a protected act." *Miller v. Dep't of Corr.*, 15 N.W.3d 129, 135 (Mich. 2024). State Farm concedes, for purposes of Almaraz's motion, that he engaged in an act protected by the statute. (*See* ECF No. 13 at PageID.241.) However, State Farm argues that Almaraz cannot plausibly plead the necessary adverse action because he is not claiming to have suffered an adverse *employment* action. (ECF No. 13 at PageID.242-44.) State Farm also argues that Almaraz cannot plead the necessary causal connection because the State Farm employees who handled and ultimately decided to deny his insurance claim were unaware of his protected activity. (*Id*. at PageID.244-48.)

#### 1.   Adverse Action

The Supreme Court has held that Title VII's antiretaliation provision protects current *and* former employees.[2] *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997). "When construing the ELCRA, Michigan courts look to federal Title VII

---

[2] Notably, unlike the protection for "employees" in Title VII's antiretaliation provision, *see* 42 U.S.C. § 2000e-3(a), "persons" are protected under ELCRA's provision, *see* Mich. Comp. Laws § 37.2701(a).

5

jurisprudence to guide their interpretation." *Wingo v. Mich. Bell Tel. Co.*, 815 F. App'x 43, 47 (6th Cir. 2020) (quoting *Rodriques v. Delta Airlines*, 644 F. App'x 629, 633 (6th Cir. 2016)) (brackets omitted). State Farm acknowledges this holding (*see* ECF No. 13 at PageID.244), but argues that the antiretaliation provision only protects adverse actions that are employment related (*id.* at PageID. 244-45). For example, in *Robinson*, the plaintiff's former employer allegedly provided a negative reference for the plaintiff when contacted by a prospective employer. *Robinson*, 519 U.S. at 339.

The Supreme Court also has held, however, that Title VII's antiretaliation provision is not limited to employment-related or workplace actions. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 66 (2006) (concluding that the antiretaliation provision "extends beyond workplace-related or employment-related retaliatory acts and harm"); *see also White v. Dep't of Transp.*, 964 N.W.2d 88, 97 (Mich. Ct. App. 2020) (citations omitted) (following the United States Supreme Court's interpretation of Title VII's antiretaliation provision when construing ELCRA's provision, explaining that ELCRA, like Title VII, "bar[s] retaliation . . . with no limitation on the type of acts that would be considered unlawful"). The Supreme Court reasoned that the purpose of the antiretaliation provision—"prevent[ing] an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic

6

guarantees[]"—cannot be secured "by focusing only upon employer actions and harm that concern employment and the workplace." *White*, 548 U.S. at 63.  "An employer[,]" the Court explained, "[could] effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." *Id*. (citations omitted).  Thus, the question is not whether the action was employment- or work-related, but whether it "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id*. at 68. (internal quotation marks omitted).

For example, in *White*, the Court referred to a case where the Federal Bureau of Investigation retaliated against an employee by refusing "to investigate death threats a federal prisoner made against [the agent] and his wife." *Id.* at 63-64 (citing *Rochon v. Gonzales*, 438 F.3d 1211, 1213 (D.C. Cir. 2006)).  The Court also cited as an example a case where the employer filed false criminal charges against a former employee who had complained about discrimination.  *Id.* at 63 (citing *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984, 986 (10th Cir. 1996)).  The adverse action alleged need not be as severe or extreme as these examples; it must only be "materially adverse" and not "trivial harm." *Id.* at 68.  The inquiry is whether the action would "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks and citation omitted).

7

State Farm does not challenge the materiality of the action, only its lack of connection to Almaraz's employment with State Farm. As discussed, that connection is not required. Thus, the Court concludes that the adverse action alleged by Almaraz—the wrongful denial of his claim for insurance coverage—is sufficient to support his ELCRA retaliation claim.

### 2. Causal Connection

But-for causation is required for an ELCRA retaliation claim. *See Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 348-49 & n.5 (6th Cir. 2021). State Farm argues that Almaraz pleads no facts other than his belief to support that Boggs denied his insurance claim, or directed someone else to deny it, because of his discrimination complaint. State Farm maintains that there is evidence demonstrating that Almaraz's belief is mistaken, and it offers that evidence in response to his motion. This evidence includes: an affidavit from Jennifer Gray, a State Farm claim team manager; an affidavit from Herring; and excerpts from State Farm's internal claim file notes. (*See* ECF Nos. 13-2 to 13-5.)

As indicated earlier, however, the futility of a proposed amendment is evaluated under the standards for a Rule 12(b)(6) motion to dismiss. When deciding a Rule 12(b)(6) motion, the court may not consider matters outside the pleading, *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997), unless those matters are "exhibits attached [to the pleading], public records, items appearing in

8

the record of the case[,] and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein," *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). State Farm's materials do not fall within any of these categories.

Moreover, the assertions in those materials contradict the allegations in Almaraz's pleading, and the Court must construe his allegations as true for purposes of evaluating whether the proposed amendment would be futile. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As State Farm points out, Almaraz's allegations concerning Boggs' involvement in the claim denial are based only upon "information and belief." Nevertheless, Rule 8 of the Federal Rules of Civil Procedure "does not impose a probability requirement at the pleading stage[.]" *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations need only "be enough to raise a right to relief above the speculative level" and "raise a reasonable expectation that discovery will reveal evidence [to support the claim]." *Id.* at 555-56; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79.

The Sixth Circuit Court of Appeals permits pleading on information and belief in certain instances, such as where a plaintiff may lack personal knowledge of a fact. *Starkey v. JPMorgan Chase Bank, NA*, 573 F. App'x 444, 447 (2014); *see also Smith v. Gen. Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (providing that

9

"complaints grounding claims on 'information and belief' can survive a motion to dismiss" provided they "set forth a factual basis for such relief"); Wright & Miller, 5 Fed. Prac. & Proc. § 1224 (4th ed.) ("Although there is no express authorization in the federal rules for pleading on information and belief, allegations in this form have been held to be permissible," and are even "a practical necessity."). "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged "upon information and belief" where the facts are peculiarly within the possession and control of the defendant[.]" *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citation and additional internal quotation marks omitted). "However, pleading on information and belief is not an appropriate form of pleading if the matter is within the personal knowledge of the pleader or 'presumptively' within his knowledge, unless he rebuts that presumption." Wright & Miller, 5 Fed. Prac. & Proc. § 1224 (4th ed.).

The evidence relevant to whether Boggs played a role in the decision to deny Almaraz's insurance claim is exclusively within State Farm's control. Thus, the Court finds Almaraz's allegation based upon information and belief sufficient to establish the causation required to plausibly allege an ELCRA retaliation claim. Almaraz's allegations that Boggs was "upset that [he] complained to Human Resources" and that his claim was denied after Almaraz was repeatedly assured that the loss would be covered add plausibly to his claim.

10

### B. Whether Almaraz is Seeking Tort Damages for a Breach of Contract

State Farm argues that Almaraz's proposed ELCRA retaliation claim is futile based on well-established Michigan law that an action in tort may not be maintained where a contractual agreement exists, unless a duty, separate and distinct from the contractual obligation, is alleged. *See Leone v. BMI Refractory Servs., Inc.*, 893 F.3d 359, 362 (6th Cir. 2018) (quoting *Fultz v. Union-Commerce Assoc.*, 683 N.W.2d 587, 591-92 (Mich. 2004)) (explaining that "a contractor can be liable to a third party in tort only if it owed the third party a duty 'separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie"). Almaraz seeks to add a statutory claim, however, not a tort for which a duty is a required element. Not one of the cases State Farm cites to support its argument precluded a statutory claim, like a civil rights statute. In any event, ELCRA establishes an independent duty on State Farm, as Almaraz's former employer, completely separate and distinct from his insurance contract.

### IV. Conclusion

In summary, the Court finds that Almaraz's proposed ELCRA retaliation claim is not futile. Nor is the claim precluded based on the principle that a separate tort claim cannot survive without a duty independent from the parties' contract.

Accordingly,

11

**IT IS ORDERED** that Almaraz's motion for leave to file an Amended Complaint (ECF No. 11) is **GRANTED** and he is instructed to file the Amended Complaint attached to his motion within seven (7) days.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic status conference to discuss the extension of the Scheduling Order (*see* 3/28/25 Text-Only Order) at **11:00 a.m. on May 1, 2025**.  The parties shall meet and confer prior to the conference to discuss proposed extended deadlines.  Instructions to call into the conference will be docketed separately.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 23, 2025